IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL KENNEDY (TDCJ No. 1516203), | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:18-cv-2624-N-BN |
| CHIEF JUDGE, FIFTH CIRCUIT COURT OF APPEALS, ET AL., | § § § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

This *pro se* civil rights action filed by a Texas prisoner has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey. The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should summarily dismiss this action without prejudice based on sanctions previously imposed against Plaintiff Michael Kennedy.

**Applicable Background**

Kennedy – who is also known Michael Allen Kennedy, Michael Allyn Kennedy, and Michael Changes and whose former TDCJ Number was 433834 – brings this lawsuit against the Chief Judge of the United States Court of Appeals for the Fifth Circuit; the judges of that court; the district judges and magistrate judges of this Court; and possibly other federal judges, asserting that he has been denied "access to courts and a rights to redress claims of 28 U.S.C. § 2254 or a 42 U.S.C. § 1983," and he seeks

at least $1 million and that all sanctions imposed on him be removed. Dkt. No. 2 at 4 (no alteration to original).

Although Kennedy may be new to this Court, as recently recounted by the United States District Court for the Eastern District of Texas, he "has a long history of filing frivolous and vexatious pleadings, including the submission of forged documents to the federal courts, for which he has incurred thousands of dollars in sanctions." *Kennedy v. Director, TDCJ-CID*, Civ. A. No. 6:18cv67, Dkt. No. 4 at 1 (E.D. Tex. Feb. 15, 2018), *rec. adopted*, Dkt. No. 8 (E.D. Tex. Mar. 20, 2018). The Eastern District "previously outlined his history of sanctions as follows:

> Kennedy is all well too known to this Court. He has been repeatedly sanctioned by the Fifth Circuit and by various district courts within the Fifth Circuit for blatant abuse of the judicial process, including the submission of forged documents to the courts. *See, e.g., Kennedy v. Burkett, et. al.*, slip op. no. 92-8469 (5th Cir., July 12, 1993) (affirming $100 sanction for filing forged affidavit in the Western District of Texas); *Kennedy v. Morales*, slip op. no. 92-8594 (5th Cir., June 17, 1993) (imposing $1,000 sanction); *Kennedy v. Collins*, slip op. no. 93-4837 (5th Cir., December 16, 1993) (imposing $1,500.00 in sanctions). Kennedy has satisfied some of these sanctions, but a 1998 motion to reduce the remainder of his sanctions was denied by the Fifth Circuit. *In re Kennedy*, slip op. no. 98-86 (5th Cir., April 9, 1998).
>
> *Kennedy v. Director, TDCJ-ID*, No. 6:02cv12 (E.D. Tex. Jan. 24, 2002). Moreover, in *Morales*, the Fifth Circuit barred him from filing any appeals until the sanctions were paid. The Fifth Circuit entered another preclusion order in *In re Kennedy*, No. 98-316 (5th Cir. July 22, 1998) ("no further pleadings shall be accepted for filing by the Clerk of this Court or the Clerks of all Courts subject to the jurisdiction of this court until all monetary sanctions previously imposed are paid").
>
> More recently, this Court dismissed another petition for a writ of habeas corpus without prejudice until such time as Kennedy shows that all of the sanctions imposed upon him by the Fifth Circuit or by any court

within the jurisdiction of the Fifth Circuit have been satisfied. *Kennedy v. Director, TDCJ-CID*, No. 6:14cv498 (E.D. Tex. Oct. 17, 2014). The Fifth Circuit dismissed his appeal because he failed to timely provide proof of payment of prior court sanctions. *Kennedy v. Stephens*, No. 16-40375 (5th Cir. April 26, 2016). Kennedy subsequently filed motions for reconsideration in this Court, which were rejected with the following order:

> [N]o further filings from the Petitioner Michael Kennedy shall be accepted in this civil action unless and until this case is reopened by order of the Fifth Circuit Court of Appeals, other than a notice of appeal of this order and an application for leave to proceed in forma pauperis in conjunction with such a notice. Because Kennedy has been barred by the Fifth Circuit from filing appeals without satisfying the sanctions imposed upon him, any notice of appeal filed by Kennedy must be accompanied by proof that all sanctions imposed against him have been paid. *See Kennedy v. Morales*, slip op. no. 92-8594 (5th Cir., June 17, 1993) (Kennedy sanctioned $1,000 and barred from filing appeals until this sum is paid); *Kennedy v. Collins*, slip op. no. 93-4837 ($1500.00 sanction).

*Kennedy v. Director, TDCJ-CID*, No. 6:14cv498 (E.D. Tex. Feb. 9, 2017). On appeal, the Fifth Circuit advised Kennedy that his appeal could not proceed until he established that he had paid the sanctions imposed in Case Number 92-8594 and Case Number 93-4837. The Fifth Circuit dismissed the appeal for failure to comply with the notice. *Kennedy v. Davis*, No. 17-40126 (5th Cir. May 16, 2017). Subsequently in that same appeal, on August 4, 2017, the Fifth Circuit sent Kennedy a notice that "[d]espite your assertions that these sanctions have been paid, we have no record of payments being received, and you do not provide proof of payments having been made."

*Id.*, Dkt. No. 4 at 1-2.

## Legal Standards and Analysis

I.  <u>Rule of Necessity</u>

Kennedy's naming as defendants all judges of this Court implicates 28 U.S.C. § 455(b), under which "federal judges are generally precluded from adjudicating a proceeding if they are a party to the proceeding or if they have a personal bias or

prejudice concerning a party." *Haase v. Countywide Home Loans, Inc.*, 838 F.3d 665, 666 (5th Cir. 2016) (per curiam).

But, "under the Rule of Necessity, judges may decide a case even if they have a personal interest in it if 'the case cannot be heard otherwise.'" *Id.* at 666-67 (quoting *United States v. Will*, 449 U.S. 200, 213 (1980); citing *Ignacio v. Judges of the United States Court of Appeals for Ninth Circuit*, 453 F.3d 1160, 1163 (9th Cir. 2006)).

And that rule – which "the amended § 455 'was not intended by Congress to alter,'" *In re City of Houston*, 745 F.2d 925, 930 n.9 (5th Cir. 1984) (quoting *Will*, 449 U.S. at 218) – may be invoked by "an otherwise disqualified judge ... to hear a case if all judges in his district are disqualified even if there are qualified judges in other districts," *Haase*, 838 F.3d at 667. Put differently, "where all are disqualified, none are disqualified." *City of Houston*, 745 F.2d at 930 n.9 (quoting *Pilla v. Am. Bar Ass'n*, 542 F.2d 56, 59 (8th Cir. 1976)).

Judge Godbey and – through his standing order of reference – the undersigned are therefore qualified to consider Kennedy's lawsuit.

II. <u>Judicial Immunity</u>

Judges generally have absolute immunity for judicial actions taken within the scope of their jurisdiction, which also means that judicial officers are generally immune from suits for money damages. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam); *Davis v. Tarrant Cty., Tex.*, 565 F.3d 214, 221-22 (5th Cir. 2009). "Judicial immunity can be overcome only by showing that the actions complained of were nonjudicial in nature or by showing that the

-4-

actions were taken in the complete absence of all jurisdiction." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). "A judge's acts are judicial in nature if they are normally performed by a judge and the parties affected dealt with the judge in his judicial capacity." *Id.* at 285 (internal quotation marks omitted). "[J]udicial immunity is not overcome by allegations of bad faith or malice," *Mireles*, 502 U.S. at 11; *see Boyd*, 31 F.3d at 284 ("The alleged magnitude of the judge's errors or the mendacity of his acts is irrelevant." (citing *Young v. Biggers*, 938 F.2d 565, 569 n.5 (5th Cir. 1991))). And "[d]isagreeing with a judge's actions does not justify depriving that judge of his or her immunity," *Greenlee v. U.S. Dist. Court*, No. 09-2243-cv-FJG, 2009 WL 1424514, at *2 (D. Kan. May 21, 2009) (citing *Stump*, 435 U.S. at 363).

None of Kennedy's allegations against the defendants show that they acted outside their judicial capacity, particularly – as measured against the litigation history recounted above – those who imposed sanctions against Kennedy.

But this matter should be dismissed for another reason.

III. Enforcement of Prior Sanctions

"[T]he judicial system is generally accessible and open to all individuals." *Kaminetzky v. Frost Nat'l Bank of Houston*, 881 F. Supp. 276, 277 (S.D. Tex. 1995). But "district courts have an obligation to protect the orderly administration of justice and prevent abuse of the court's process by frivolous and vexatious litigants[, which means p]ro se litigants have 'no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" *Ruston v. Dallas Cty., Tex.*, No. 3:07-cv-1076-D, 2008 WL 958076, at *2 (N.D. Tex. Apr. 9, 2008) (quoting

*Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986)).

And this Court routinely "honors sanctions imposed by other federal district courts in Texas" against prisoner and non-prisoner vexatious litigants alike. *Roy v. Ass'n Comm. to Elect Rev. Dr. Kamal K. Roy*, No. 3:08-cv-327-N, 2008 WL 1970945, at *2 (N.D. Tex. May 5, 2008):

> In general, the court retains the inherent authority to curb abusive litigation. Federal courts in Texas will honor sanctions imposed by other federal district courts in Texas against a prisoner litigant. *See* MISC. ORD. 48 (N.D. Tex.); *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1999) (affirming dismissal of action based on enforcing other district's sanction order); *Schmidt v. Van Buren*, 243 F. App'x 803 (5th Cir. June 13, 2007) (unpublished per curiam) (noting district court's enforcement of sister court's sanction orders).
> "In cases involving litigious, non-prisoner *pro se* plaintiffs, the distinction between prisoner and non-prisoner litigants is one without a difference for Misc. Ord. 48 purposes." *Sparkman v. Charles Schwab & Co., Inc., et al.*, 3:07cv1457-B (N.D. Tex. Feb. 29, 2008) (enforcing multiple sanctions and orders of the U.S. District Court for the Eastern District of Texas against non-prisoner *pro se* litigant).

*Id.* (enforcing "the sanction order of the Western District of Texas pursuant to Misc. Ord. 48" against a non-prisoner *pro se* plaintiff, dismissing action with prejudice, and barring plaintiff "from filing any future civil actions in any court in the Northern District of Texas without first seeking leave of court"); *see Drake v. Nordstrom Department Stores*, No. 3:18-cv-471-D-BN, 2018 WL 1399179 (N.D. Tex. Mar. 1, 2018) (denying leave to proceed *in forma pauperis* and dismissing non-prisoner *pro se* "action without prejudice on the basis of sanctions imposed by the United States District Court for the Eastern District of Texas"), *rec. adopted*, 2018 WL 1404320 (N.D. Tex. Mar. 19, 2018); *see also Sheehan v. State of Tex.*, No. 3:05-cv-1318-K, 2005 WL 2036686, at *1

-6-

(N.D. Tex. Aug. 17, 2005) ("The proper administration of justice requires that courts [honor sanctions orders imposed by other federal courts as] to prisoner and nonprisoner litigants alike." (citations omitted)).

Here, moreover, the Eastern District's filing sanction appears to be based on a sanction imposed by the Fifth Circuit, which this Court is required to honor. *See Kennedy v. Scott*, No. 95-00176 (5th Cir. Oct. 20, 1995) ("[N]o further pleadings shall be accepted for filing by the clerk of this court or the clerks of all courts subject to the jurisdiction of this court until all monetary sanctions previously imposed are paid. Thereafter, if any further frivolous pleadings are filed, additional sanctions will be imposed, including the qualified denial of access to the courts."). And, because Kennedy has not shown that all monetary sanctions previously imposed have been paid, this action should be dismissed.

**Recommendation**

The Court should summarily dismiss this action without prejudice based on sanctions previously imposed against Plaintiff Michael Kennedy.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: October 4, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE